** PART II **
ADDITIONALLY, IT IS IMPORTANT TO NOTE THAT THE LEGISLATURE IS SILENT AS TO ANNEXATION IN ITS 1992 AMENDMENT TO 70 O.S. 5-117. THIS IS TRUE EVEN THOUGH IT HAD THE OPPORTUNITY TO EXPRESSLY INCLUDE ANNEXING DISTRICTS IN ITS AMENDMENT AND HAS INDICATED ITS RECOGNITION OF THE DIFFERENCE BETWEEN CONSOLIDATION AND ANNEXATION IN OTHER RELATED ENACTMENTS, SEE, 70 O.S. 7-201 (1991) ET SEQ., AS AMENDED. IT HAS LONG BEEN HELD THAT LEGISLATIVE SILENCE, WHEN IT HAS AUTHORITY TO SPEAK, MAY BE CONSIDERED AS GIVING RISE TO AN IMPLICATION OF LEGISLATIVE INTENT. CITY OF DUNCAN V. BINGHAM, 394 P.2D 456 (OKLA.1964). BASED ON THE PLAIN LANGUAGE OF THE 1992 AMENDMENT TO 70 O.S. 5-117, THE UNIQUE AND DIFFERENT STATUTORY PROCEDURES INVOLVED IN ANNEXATION AND CONSOLIDATION, AND THE LEGISLATURE'S SILENCE WHEN IT HAD OPPORTUNITY TO PROVIDE OTHERWISE, IT IS CLEAR THAT THE EXCEPTION PROVIDED THEREIN IS AVAILABLE ONLY TO CONSOLIDATED SCHOOL DISTRICTS, NOT TO ANNEXING SCHOOL DISTRICTS SUCH AS THE VINITA SCHOOL DISTRICT.
NOTWITHSTANDING, THE QUESTION REMAINS WHETHER THE POWER OF AN ANNEXING DISTRICT TO CONVEY REAL PROPERTY TO A LOCAL POLITICAL SUBDIVISION WITHOUT CONSIDERATION, AND PRESUMABLY, WITHOUT PUBLIC SALE OR PUBLIC BID, MAY BE NECESSARILY OR FAIRLY IMPLIED FROM THE EXPRESS POWERS FOUND WITHIN 5-117, SEE, E.G., A.G. OPIN. NO. 80-236. THE ANSWER TO THAT QUESTION MUST BE IN THE NEGATIVE, BASED ON THE PLAIN LANGUAGE OF THE STATUTE, AND, MOST IMPORTANTLY, AS DISCUSSED ABOVE, THE LEGISLATIVE SILENCE AS TO ANNEXING DISTRICTS WHEN IT HAD THE OPPORTUNITY TO INCLUDE THEM IN THE 1992 AMENDMENT. ALSO, AN AFFIRMATIVE ANSWER TO THE QUESTION WOULD CLEARLY VIOLATE THE FUNDAMENTAL RULE OF STATUTORY CONSTRUCTION, WHICH IS TO ASCERTAIN AND, IF POSSIBLE, TO GIVE EFFECT TO THE INTENTION OF THE LEGISLATURE AS EXPRESSED IN THE STATUTE. JACKSON V. INDEPENDENT SCHOOL DIST. NO. 16 OF PAYNE COUNTY, 648 P.2D 26 (OKLA.1982). SINCE THE PERTINENT EXPRESS LANGUAGE OF THE 1992 AMENDMENT TO 5-117 REFERS ONLY TO A CONSOLIDATED SCHOOL DISTRICT, AND MAKES NO MENTION OF ANNEXED OR ANNEXING SCHOOL DISTRICTS, WE MUST PRESUME THAT THE LEGISLATURE EXPRESSED ITS INTENT THEREIN AND INTENDED WHAT IT EXPRESSED. ANY ATTEMPT TO EXTRACT FROM THAT LANGUAGE A "NECESSARILY AND FAIRLY IMPLIED" POWER FOR AN ANNEXING DISTRICT WOULD RUN AFOUL OF THE LEGISLATIVE INTENT AND WOULD, THEREFORE, BE INAPPROPRIATE.
AT THIS POINT, IT IS ADVISABLE TO MAKE REFERENCE TO A RELATED STATUTE WHICH, ARGUABLY, ADDRESSES AN ANNEXING SCHOOL DISTRICT'S POWER TO DISPOSE OF REAL PROPERTY, 70 O.S. 7-107 (1991). THAT STATUTE PROVIDES:
(TEST OF STATUTE)
AT FIRST BLUSH, IT APPEARS THAT 70 O.S. 7-107 PROVIDES AN ANNEXING SCHOOL DISTRICT WITH THE AUTHORITY TO CONVEY TITLE TO SCHOOL BUILDINGS, WITHIN ONE YEAR AFTER ANNEXATION, TO A NONPROFIT CORPORATION WITH THE PROVISO THAT SUCH BUILDING IS TO BE USED FOR COMMUNITY PURPOSES AND AN ELECTION MUST BE HELD IN THE ANNEXED DISTRICT TO APPROVE THE SAME. HOWEVER, A STATUTE MUST BE CONSTRUED BY TAKING INTO CONSIDERATION THE ENTIRETY OF THE STATUTE. LATTER OF MID AMERICA PETERBILT, 593 P.2D 499 (OKLA.1979). APPLYING THIS RULE TO 7-107, IT IS CLEAR THAT THE STATUTE DEALS ONLY WITH THE UNIQUE STATUTORY PROCEDURE OF "DISPENSING" WITH CERTAIN GRADES. THIS PROCEDURE IS QUITE DIFFERENT FROM EITHER ANNEXATION OR CONSOLIDATION AND IS PROVIDED FOR IN 70 O.S. 8-106 (1982). SECTION 70 O.S. 8-106(C) PROVIDES FOR MANDATORY ANNEXATION OF ANY SCHOOL DISTRICT WHICH DISPENSES WITH ITS SCHOOL DISTRICT PURSUANT TO 8-106. THEREFORE, A REVIEW OF 70 O.S. 7-107 IN ITS ENTIRETY REVEALS THAT IT ONLY APPLIES TO ANNEXING DISTRICTS THAT RECEIVE SCHOOL DISTRICTS AS A RESULT OF MANDATORY ANNEXATION SUBSEQUENT TO A SCHOOL DISTRICT'S VOTE TO DISPENSE WITH IT SCHOOLS, ALL PURSUANT TO 70 O.S. 8-106 (1992). FOR THIS REASON, 7-107 WOULD NOT BE APPLICABLE TO THE SCENARIO YOU DESCRIBE BETWEEN BIG CABIN AND VINITA SINCE THAT INVOLVED VOLUNTARY ANNEXATION AS PROVIDED FOR IN 70 O.S. 7-101 (1992).
B. STATUTORY LIMITATIONS ON POWER TO CONVEY REAL PROPERTY UNDER 70 O.S. 5-117 (1992).
IN THE CONTEXT OF ANNEXATION, EVEN THE ANNEXING SCHOOL DISTRICT'S POWER UNDER 70 O.S. 5-117 (1992) TO CONVEY REAL PROPERTY BY PUBLIC SALE OR PUBLIC BID FOR FULL AND ADEQUATE CONSIDERATION IS LIMITED. ONE OF THE ANNEXATION STATUTES, 70 O.S. 7-106 PROVIDES:
 "NO BUILDING OR APPENDAGES THERETO OF ANY SCHOOL DISTRICT THAT HAS BEEN ANNEXED TO ANOTHER SCHOOL DISTRICT OR DISTRICTS SHALL BE RENTED, MOVED OR SOLD BY THE BOARD OF EDUCATION OF THE ANNEXING DISTRICT OR DISTRICTS WITHOUT THE APPROVAL OF A MAJORITY OF THE SCHOOL DISTRICT ELECTORS IN THE ANNEXED DISTRICT VOTING ON THE PROPOSITION, IF SUCH BUILDING IS BEING USED AT LEAST ONCE EACH NINETY (90) DAYS FOR PUBLIC GATHERINGS. PROVIDED, THAT THE BOARD OF EDUCATION OF THE ANNEXING DISTRICT ACQUIRING SUCH BUILDING MAY REQUIRE PERSONS OR GROUPS USING SUCH BUILDING AND APPENDAGES TO PAY THE COST OF MAINTENANCE, INCLUDING INSURANCE, OF SUCH BUILDING AND APPENDAGES."
BECAUSE RELATED LEGISLATIVE ENACTMENTS MUST BE CONSTRUED TOGETHER, JOHNSON V. WARD, 541 P.2D 182 (OKLA.1975), IT IS NECESSARY TO CONSIDER THE ANNEXING SCHOOL DISTRICT'S POWER TO CONVEY REAL PROPERTY IN CONJUNCTION WITH THE PROHIBITIONS ON CONVEYANCE FOUND IN THE ABOVE-REFERENCED STATUTORY LANGUAGE OF 70 O.S. 7-106. WHEN DOING SO, IT CAN BE CONCLUDED THAT THE ANNEXING SCHOOL DISTRICT'S POWER TO CONVEY REAL PROPERTY UNDER 5-117 IS RESTRICTED, IS SUCH BUILDING IS BEING USED AT LEAST ONCE EACH 90 DAYS FOR PUBLIC GATHERINGS, UNLESS A MAJORITY OF THE SCHOOL DISTRICT ELECTORS IN THE ANNEXED DISTRICT APPROVES SUCH A CONVEYANCE AT AN ELECTION.
C. AN ANNEXING SCHOOL DISTRICT MAY OPEN NY SCHOOL BUILDING AND PERMIT ITS USE FOR COMMUNITY PURPOSES PURSUANT TO 70 O.S. 5-130 (1991)
A FINAL, RELATED ENACTMENT IS FOUND IN 70 O.S. 5-130, WHICH PROVIDES, IN PERTINENT PART:
 "A. THE BOARD OF EDUCATION OF ANY SCHOOL DISTRICT MAY, UNDER SUCH REGULATIONS AND CONDITIONS AS IT MAY PRESCRIBE:
 1. OPEN ANY SCHOOL BUILDING AND PERMIT THE USE OF ANY PROPERTY BELONGING TO SUCH DISTRICT FOR RELIGIOUS, POLITICAL, LITERARY, COMMUNITY, CULTURAL, SCIENTIFIC, MECHANICAL, AGRICULTURAL, OR PARENTAL INVOLVEMENT PURPOSES, AND OTHER PURPOSES OF GENERAL PUBLIC INTEREST;
* * *
 2. MAKE A REASONABLE CHARGE TO COVER THE COST OF THE USE OF BUILDING, PROPERTY OR TRANSPORTATION EQUIPMENT."
UNDER THE PLAIN LANGUAGE OF 70 O.S. 5-130, THE VINITA SCHOOL DISTRICT WOULD BE AUTHORIZED TO ALLOW BIG CABIN CITIZENS TO CONTINUE TO USE THE BIG CABIN SCHOOL BUILDING FOR COMMUNITY PURPOSES, PRESUMABLY INDEFINITELY, BUT WOULD ALSO HAVE THE AUTHORITY TO CHARGE FOR THE COSTS OF THE USE OF THE BUILDING. I MAKE MENTION OF THIS STATUTE AS ONE ALTERNATIVE FOR VINITA AND BIG CABIN TO CONSIDER IN LIEU OF A CONVEYANCE.
III.
CONCLUSIONS:
 IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT AN ANNEXING SCHOOL DISTRICT RECEIVES TITLE TO THE REAL PROPERTY OF AN ANNEXED SCHOOL DISTRICT AND IS THEN EMPOWERED TO CONVEY THE REAL PROPERTY TO ANY ENTITY, IF NO LONGER NEEDED AND IF DONE BY PUBLIC SALE, PUBLIC BID OR A PRIVATE ALE PRECEDED BY AN OFFERING FOR PUBLIC SALE OR BID. SUCH A CONVEYANCE MUST BE FOR REASONABLE CONSIDERATION. THE ONLY EXCEPTION TO THE PUBLIC SALE/PUBLIC BID/REASONABLE CONSIDERATION REQUIREMENTS IS FOUND IN THE CONTEXT OF CONSOLIDATION, NOT ANNEXATION. PURSUANT TO THIS EXCEPTION, CONSOLIDATED SCHOOL DISTRICTS MAY CONVEY REAL PROPERTY TO A LOCAL POLITICAL SUBDIVISION WITHOUT CONSIDERATION AND WITHOUT THE NECESSITY OF A PUBLIC SALE OR PUBLIC BID.
IN ADDITION, AN ANNEXING SCHOOL DISTRICT MAY NOT CONVEY REAL PROPERTY IF THE REAL PROPERTY INVOLVED IS BEING USED AT LEAST ONCE EVERY 90 DAYS FOR COMMUNITY PURPOSES UNLESS A MAJORITY OF THE SCHOOL DISTRICT ELECTORS IN THE ANNEXED DISTRICT VOTE TO APPROVE SUCH A CONVEYANCE. THE ANNEXING DISTRICT MAY, HOWEVER, REQUIRE PAYMENT OF THE COSTS ASSOCIATED WITH MAINTAINING AND INSURING SUCH PROPERTY. OTHER STATUTES ALLOW AN ANNEXING SCHOOL DISTRICT TO OPEN ITS SCHOOL BUILDINGS FOR COMMUNITY PURPOSES, PRESUMABLY FOR AS LONG AS IT DESIRES TO DO SO. AGAIN, THE ANNEXING DISTRICT MAY CHARGE TO COVER THE COST OF USING THE BUILDING.
(WILLIAM D. LAFORTUNE)